WATFORD, Circuit Judge,
concurring:
I join the court’s well-reasoned opinion with one caveat. To resolve this appeal, we need not decide whether evidence of a trademark’s “indiscriminate” verb use could ever tell us something about whether the public primarily thinks of the mark as the generic name for a type of good or service. Maj. op. at 1159-60. To the extent the court’s opinion can be read as taking a position on that question, I decline to join that aspect of its reasoning.
We don’t need to resolve whether evidence of indiscriminate verb use is categorically irrelevant in an action alleging that a trademark has become generic because, on this record, no rational jury could find in the plaintiffs’ favor even taking into account the flimsy evidence of indiscriminate verb use they produced. In support of its motion for summary judgment, Google produced overwhelming evidence that the public primarily understands the word “Google” as a trademark for its own search engine, not the name for search engines generally. In Google’s consumer survey, 93% of respondents identified “Google” as a brand name, rather than a common name for search engines. In every dictionary in the record, the first entry for “Google” or “google” refers to Google’s search engine. Google extracted concessions from the plaintiffs’ expert linguists that Google functions as a trademark for Google’s search engine. Google also submitted evidence showing that it uses its trademark to refer only to its own search engine, that it polices infringement by others, and that its competitors refrain from using the trademark to refer to their own search engines. Finally, Google offered evidence showing that major media outlets use “Google” to refer exclusively to Google’s search engine.
In response, the plaintiffs produced thousands of pages of largely irrelevant evidence showing merely that “google” is sometimes used as a verb. The sliver of potentially relevant evidence purporting to show that the public uses the verb “goo-gle” to refer to searching the Internet with any search engine (as opposed to Google’s search engine in particular) is too insubstantial to save the plaintiffs’ case. For example, the plaintiffs point to their Thermos survey, in which respondents were asked what word or phrase they would use to ask a friend to search for something on the Internet. Most respondents answered either “google,” “google it,” “google something,” “google this,” “google search,” or “bring up google.” However, those answers share the same problem that the court identifies with almost all of the plaintiffs’ evidence, such as the rapper T-Pain’s lyric telling his listeners to “google my name.” That is, without more context, we simply can’t tell whether the survey respondents were referring to searching the Internet with Google’s search engine or with any search engine generally.
At most, with respect to evidence that the public employs the verb “google” without regard to the search engine used, the plaintiffs have mustered secondary definitions from a few dictionaries and expert *1164 testimony from their linguists. Whatever this evidence might suggest about the use of “google” as a verb, no rational jury could rely on it to find, on this record, that the word has become the generic name for Internet search engines. As already mentioned, these dictionaries’ primary definitions of the word uniformly refer to Google’s own search engine. And the expert linguists conceded in their depositions that, despite their opinion that “google” is used in verb form without regard to a specific search engine, the term has not become a generic name for search engines.
There may never be a case that turns on evidence that a trademark is commonly used as a verb to refer to use of a type of good or service, as opposed to use of the particular product for which the trademark is registered. But if such a case were to arise, it’s not obvious to me that a jury should be foreclosed from relying on the way the public uses the word as a verb to decide whether the public also thinks of the mark as the generic name for the type of good or service. The way we use words as verbs is often related to how we use those words as adjectives or nouns, such that evidence of indiscriminate verb use could potentially be relevant in deciding whether a trademark has become the generic name for a type of good or service. To the extent the court’s opinion can be read to.foreclose the consideration of such evidence as a matter of law, I decline to join it.